McGREGOR W. SCOTT
United States Attorney
YOSHINORI H. T. HIMEL #66194
Assistant United States Attorney
Eastern District of California
501 I Street, Suite 10-100
Sacramento, California 95814-2322
Telephone: (916) 554-2760

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, and DAVID LARSEN, Revenue Officer, Internal Revenue Service,<br><br>Petitioners,<br><br>v.<br><br>KARLA HARMER,<br><br>Respondent. | 2:07-mc-00133-MCE-DAD<br><br>**MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS RE: I.R.S. SUMMONS ENFORCEMENT**<br><br>Taxpayer: SIERRA TOTAL DOCUMENT MANAGEMENT |

  This matter came before me on February 8, 2008, under the Order to Show Cause filed December 11, 2007, which, with the verified petition and exhibits, was effectively served on respondent in January 2008. Yoshinori H. T. Himel appeared for petitioners, and petitioning Revenue Officer David Larsen was present. Respondent neither filed opposition nor appeared at the hearing.

  The Verified Petition to Enforce Internal Revenue Service Summons initiating this proceeding seeks to enforce an administrative summons (Exhibit A to the petition) in aid of Revenue Officer Larsen's investigation for determination of respondent's financial information for the collection of assessed tax for Employer's Quarterly Federal tax returns for the tax periods ending June 30, 2006, September 30, 2006, December 31, 2006; and Employer's Annual Unemployment tax return for the year ending December

31, 2006. Subject matter jurisdiction is invoked under 28 U.S.C. §§ 1340 and 1345, and is found to be proper. Authorization for the action is under I.R.C. §§ 7402(b) and 7604(a) (26 U.S.C.).

On the subject of process service, the declarations of Revenue Officer Martha C. Aguirre filed February 4, 2008, and February 14, 2008, state that the address for Karla Harmer at 5222 Cosumnes Drive, Apartment 232, in Stockton, California, was verified by the apartment complex office. The occupant of the address was asked twice whether she was respondent Karla Harmer. The occupant did not deny that she was respondent, and requested that the documents be mailed. Two sets of the documents were mailed to the address and an additional set of documents was fastened to the front door of the apartment.

I find that respondent attempted to refuse service despite petitioners' diligence in attempting to serve her with process. I find that the steps taken to serve respondent were reasonably calculated to give her actual notice and that they did give her actual notice of the proceedings.

Fed. R. Civ. P. 81(a)(5) makes Fed. R. Civ. P. 4 "apply to proceedings to compel testimony or the production of documents through a subpoena issued by a United States officer . . . except as otherwise provided . . . by court order in the proceedings." Thus, "a district court, by local rule or by order, may limit the application of the rules in a summons proceeding." Donaldson v. United States, 400 U.S. 517, 528-29 (1971). The Order to Show Cause limited the application of Fed. R. Civ. P. 4 to this action. Based on the above facts, I find that the steps taken by petitioners to serve respondent with process were adequate under the circumstances.

On the merits, the Order to Show Cause shifted to respondent the burden of rebutting any of the four requirements of United States v. Powell, 379 U.S. 48, 57-58 (1964). I have reviewed the petition and documents in support. Based on the uncontroverted verification of Revenue Officer Larsen and the entire record, I make the following findings:

  (1) The summons issued by Revenue Officer David Larsen to respondent Karla Harmer on September 9, 2007, seeking testimony and production of documents and records in respondent's possession, was issued in good faith and for a legitimate purpose under I.R.C. § 7602, that is, to determine financial information for the collection of assessed and delinquent taxes of Sierra Total Document Management, namely, taxes for Employer's Quarterly Federal Tax Returns for the tax periods ending June 30, 2006, September 30, 2006, December 31, 2006; and for an Employer's Annual Unemployment Tax Return for the year ending December 31, 2006.

  (2) The information sought is relevant to that purpose.

  (3) The information sought is not already in the possession of the Internal Revenue Service.

  (4) The administrative steps required by the Internal Revenue Code have been followed.

  (5) There is no evidence of referral of this case by the Internal Revenue Service to the Department of Justice for criminal prosecution.

  (6) The verified petition and its exhibits made a prima facie showing of satisfaction of the requirements of <u>United States v. Powell</u>, 379 U.S. 48, 57-58 (1964).

  (7) The burden shifted to respondent, Karla Harmer, to rebut that prima facie showing.

  (8) Service of the Order to Show Cause and the Verified Petition and its Exhibits upon respondent was legally sufficient.

  (9) Respondent had actual notice of the Order to Show Cause hearing held on February 8, 2008.

  (10) Despite sufficient service and actual notice, respondent failed to file written opposition, failed to appear at the hearing and did nothing to rebut the prima facie showing.

  I therefore recommend that the IRS summonses issued to respondent, Karla Harmer, be enforced, and that respondent be ordered to appear at the I.R.S. offices at

1  4643 Quail Lakes Drive, Suite 102, Stockton, California, 95207, before Revenue Officer
2  David Larsen or his designated representative, on the twenty-first day after the filing date
3  of the summons enforcement order, or at a later date and time to be set in writing by the
4  Revenue Officer, then and there to be sworn, to give testimony, and to produce for
5  examining and copying the books, checks, records, papers and other data demanded by
6  the summons, the examination to continue from day to day until completed.

7       These findings and recommendations are submitted to the United States District
8  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C)
9  and Rule 72-304 of the Local Rules of the United States District Court for the Eastern
10 District of California.  Within ten (10) days after being served with these findings and
11 recommendations, any party may file written objections with the court and serve a copy
12 on all parties.  Such a document should be titled "Objections to Magistrate Judge's
13 Findings and Recommendations."  Any reply to the objections shall be served and filed
14 within ten (10) days after service of the objections.  The District Judge will then review
15 these findings and recommendations pursuant to 28 U.S.C. § 636(b)(1).  The parties are
16 advised that failure to file objections within the specified time may waive the right to
17 appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
18       The Clerk shall serve this and future court notices, findings and orders by mail to
19 Ms. Karla Harmer, at 5222 Cosumnes Drive, Apartment 232, Stockton, CA 95219.
20 DATED: February 15, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

25 Ddad1/orders.civil/harmer0133.f&r

**CERTIFICATE OF SERVICE BY MAIL**

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Eastern District of California and is a person of such age and discretion to be competent to serve papers.

That on **February 15, 2008**, she served a copy of:

**MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS RE: I.R.S. SUMMONS ENFORCEMENT**

by placing said copy in an envelope addressed to the persons hereinafter named, at the places and addresses shown below, which are the last known addresses, and mailing said envelope and contents in the U.S. Mail in Sacramento, California.

Addressees:

Ms. Karla Harmer
5222 Cosumnes Drive
Apartment 232
Stockton, CA 95219


    /s/ Mary Ann Rackley
    MARY ANN RACKLEY